IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| THOMAS L. STEMMONS, | ) | No. CV 07-01016 PHX NVW MEA |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH M. ARPAIO, | ) | |
| CAPTAIN LARSON, OFFICER | ) | |
| JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE HONORABLE NEIL V. WAKE:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

Before the Court is Plaintiff's motion for leave to file an amended complaint (Docket No. 21). Defendant Jensen, the only defendant remaining in this matter, has filed an answer to the complaint.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when

justice so requires.  See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  This policy is applied even more liberally to *pro se* litigants.  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

In exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment.  See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991).  The Court would have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief.  See 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2006).

Plaintiff seeks leave to amend his complaint to add Sheriff Joseph Arpaio, the Maricopa County Board of Supervisors, and Maricopa County, as Defendants in this matter.  Sheriff Arpaio was previously dismissed without prejudice as a defendant in this matter.

The theory of respondeat superior does not provide a basis for a defendant's purported section 1983 liability.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Supervisors and government officials may be found individually liable pursuant to section 1983 only on the basis of their own acts or

-2-

omissions. See, e.g., Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989). To state a proper claim for violation of his civil rights, a plaintiff must allege that a specific individual personally participated in a constitutional deprivation or that a specific governmental supervisory official was aware of widespread abuses and acted with deliberate indifference to the plaintiff's constitutional rights or failed to take action to prevent further misconduct. See Rizzo v. Goode, 423 U.S. 362, 377 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Additionally, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).

The facts asserted by Plaintiff do not indicate how Sheriff Arpaio directly or personally participated in the activities of which he complains, i.e., Defendant Jensen's single act of alleged excess force against Plaintiff. Neither has Plaintiff sufficiently alleged Sheriff Arpaio caused a violation of his rights as a result of a policy, practice or custom. Accordingly, the motion to amend should be denied with regard to Plaintiff's request to add Sheriff Arpaio as a defendant in this matter. Cf. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)("deprivations that constitute widespread abuse sufficient

-3-

to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."); Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 582 (1st Cir. 1994) ("isolated instances of unconstitutional activity ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise to show deliberate indifference"); Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir. 1981) ("An isolated instance of violation of constitutional rights by a subordinate is incapable of rising to an issue regarding the liability of a superior under § 1983").

To state a section 1983 claim against a government unit, such as Maricopa County or the Maricopa County Board of Supervisors, the plaintiff must establish an affirmative causal link between a governmental policy or practice and the alleged constitutional violation. See City of Canton v. Harris, 489 U.S. 378, 385-85, 109 S. Ct. 1197, 1203 (1989), Monell v. Department of Soc. Servs., 436 U.S. 658, 690-95, 98 S. Ct. 2018, 2035-38 (1978). While a county is a "person" for purposes of section 1983, counties are liable only for rights deprivations pursuant to their official customs or policies. See Monell, 436 U.S. at 690-95, 98 S. Ct. at 2035-38. Plaintiff has not alleged a causal link between the injury he allegedly suffered and an official custom or policy of Maricopa County or the Maricopa County Board of Supervisors in his motion to amend or in his proposed amended complaint. Accordingly, the motion to amend should be denied insofar as Plaintiff seeks to add Maricopa County and the Maricopa County Board of Supervisors as

-4-

defendants.

Plaintiff has not alleged that Sheriff Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights on one occasion by Defendant Jensen. Additionally, Plaintiff has not alleged facts establishing that Sheriff Arpaio directly violated his constitutional rights or that Sheriff Arpaio was aware that Plaintiff's rights were being violated but failed to act. Therefore, Plaintiff's proposed amended complaint fails to state a cognizable claim against Sheriff Arpaio. Neither has Plaintiff alleged sufficient facts which might establish an affirmative causal link between a policy or practice of Maricopa County or the Maricopa County Board of Supervisors which and the alleged constitutional violation, i.e., Defendant Jensen's alleged use of excessive force on one occasion. Accordingly, the motion to amend should be denied with regard to the proposed addition of these purported defendants.

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 21) be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

-5-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of October, 2007.

_____
Mark E. Aspey
United States Magistrate Judge